Judgment, Supreme Court, New York County (Wayne M. Ozzi, J), rendered August 24, 2010, as amended September 2, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, criminally using drug paraphernalia in the second degree, unlawfully dealing with a child in the first degree, criminal possession of marijuana in the fifth degree and unlawful possession of marijuana, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations, including its evaluation of alleged inconsistencies in testimony. The police testimony leads to the inescapable conclusion that defendant threw a bag out of a window during the execution of a search warrant, and that this was the same bag that was recovered from a roof below the window and found to contain drugs.
The court properly delegated to a court officer the ministerial function of bringing the jury an amended verdict sheet containing a one-word correction in the name of a charged crime. The deliberating jury sent a note that simply called the court’s attention to the fact that the verdict sheet incorrectly referred to *562 criminal possession of marijuana in the fourth degree, rather than fifth degree. This was not even an inquiry, since the jury was not requesting any information. Even if it could be viewed as an inquiry, it was not a substantive inquiry requiring a response in open court under CPL 310.30. Instead, this note only necessitated the ministerial action of sending a corrected verdict sheet into the jury room, and there was no ambiguity in the note requiring the court to address the jury (see People v Ziegler, 78 AD3d 545, 546 [1st Dept 2010], lv denied 16 NY3d 838 [2011]).
Furthermore, defense counsel raised no objection when the court discussed the note with the parties and apprised them of its intention to have a court officer deliver a corrected verdict sheet. The court’s action was not an improper delegation of a judicial responsibility, because the court officer’s role was plainly ministerial (see People v Bonaparte, 78 NY2d 26, 30-31 [1991]). Accordingly, defendant’s claim is not exempt from preservation requirements, and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence. Concur— Sweeny, J.E, Acosta, Román, Feinman and Clark, JJ.